

William C. Baton
Phone: (973) 286-6722
Fax: (973) 286-6822
wbaton@saul.com
www.saul.com

March 17, 2023

**VIA ECF**

The Honorable Leda D. Wettre, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal Building
50 Walnut Street
Newark, New Jersey 07102

    Re:    *Corcept Therapeutics, Inc. v. Teva Pharm. USA, Inc.*
              Civil Action No. 18-3632 (consolidated)

Dear Judge Wettre:

    This firm, together with Quinn Emanuel, represents plaintiff Corcept Therapeutics, Inc. ("Corcept") in the above-captioned matter. We write on behalf of all parties pursuant to the Court's directive, during the March 9, 2023 status teleconference, to submit a proposed schedule for submission of the Joint Proposed Pretrial Order and for trial in this case.

    The parties have met and conferred but were unfortunately not able to come to agreement on a proposed schedule. The parties' proposed schedules are below.

| Event | Plaintiff's Proposed Date | Defendant's Proposed Date |
|---|---|---|
| Submit pretrial order to Court | June 30, 2023 | May 31, 2023 |
| Trial (in-person) | September 2023[1] (or subject to the Court's availability) | |

---

[1] The parties had hoped that the parties could reach trial more expeditiously, with a date as early as July. However, Corcept's witnesses are unavailable in July and Teva's witnesses are unavailable in August. Teva anticipates that the trial in this matter may be completed in three days and proposes trial on September 5, 6, and 7 (or at the Court's earliest convenience). Corcept anticipates that the trial in this matter may be completed in under a week.

One Riverfront Plaza, Suite 1520 ♦ Newark, NJ 07102-5426 ♦ Phone: (973) 286-6700 ♦ Fax: (973) 286-6800

DELAWARE  FLORIDA  ILLINOIS  MARYLAND  MASSACHUSETTS  MINNESOTA  NEW JERSEY  NEW YORK  PENNSYLVANIA  WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

Hon. Leda D. Wettre, U.S.M.J.
March 17, 2023
Page 2

      Corcept would also like to bring to the Court's attention that it has initiated a new Civil Action against Teva (*see* C.A. No. 23-1505).  The two patents-in-suit in the newly-filed action are related to the two patents-in-suit in Civil Action No. 18-3632.  Corcept had hoped that summary judgment would obviate the need to litigate the additional patents.  In any event, Corcept believes that it would conserve both the parties' and the Court's time and resources to try both civil actions together.  To the extent that the Court wishes to try both actions together, Corcept proposes the below schedule.[2]  Additionally, Teva's accusation that Corcept is attempting to delay this action are meritless because Teva has had final FDA approval for its generic product since August 2020 and could have launched its product at any time.

| Event | Plaintiff's Proposed Date |
|---|---|
| Submit pretrial order to Court | October 30, 2023 |
| Trial (in-person) | December 2023 |

      Teva does not agree with Corcept's request to bring two additional patents into this matter at this late stage.  The two related patents that Corcept references above issued in November of 2020. Corcept failed to assert them prior to seeking summary judgment, and indeed, failed to assert them at any point in the past two and a half years. Corcept waited to sue Teva on these related patents until this afternoon, March 17, 2023. Corcept's decision to assert these patents on the day this scheduling letter is due to the Court is a transparent attempt to further delay a case that has been pending since 2018 and is ready to proceed to trial.  To add two additional patents into this matter now would delay trial and be prejudicial to Teva.

*   *   *

      Thank you for Your Honor's kind attention to this matter.

Respectfully yours,

*William C. Baton*

William C. Baton

cc:    All counsel of record (via e-mail)

---

[2] Corcept's proposal contemplates that, due to the relatedness of the asserted patents in both actions, fact discovery taken in Civil Action No. 18-3632 could be utilized in the new action in order to expedite a consolidated trial.  The additional patents would necessitate a small amount of additional expert discovery and depositions, but could still entail a 2023 trial.