**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
(856) 757-5020

CHAMBERS OF
RENÉE MARIE BUMB
CHIEF JUDGE

Mitchell H. Cohen Building &
United States Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

*November 2, 2023*

*Via* ECF
Charles M. Lizza
William C. Baton
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426

F. Dominic Cerrito (*pro hac vice*)
Eric C. Stops (*pro hac vice*)
Evangeline Shih (*pro hac vice*)
Daniel C. Wiesner (*pro hac vice*)
John P. Galanek (*pro hac vice*)
Nicholas A. LoCastro
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

Liza M. Walsh
Christine I. Gannon
Jessica K. Formichella
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102

J.C. Rozendaal (*pro hac vice*)
Uma N. Everett (*pro hac vice*)
William H. Milliken (*pro hac vice*)
Anna G. Phillips (*pro hac vice*)
Brady P. Gleason (*pro hac vice*)
Brooke N. McLain (*pro hac vice*)
STERNE, KESSLER, GOLDSTEIN & FOX, P.L.L.C.
1101 K Street NW, 10th Floor
Washington, D.C. 20005

      **RE:**   *Corcept Therapeutics, Inc. v. Teva Pharms. USA, Inc.*,
             **Civil Action No. 18-03632 (RMB/LDW) (consolidated)**

Dear Counsel:

      The parties are likely preparing their reply briefs, which are due no later than November 9, 2023. [Trial Tr. 495:18–21, Docket No. 286.] Having reviewed the opening briefs, [Def.'s Br., Docket No. 288; Pl.'s Br., Docket No. 289], the Court requests that the parties focus their forthcoming submissions on *HZNP Medicines LLC v. Actavis Labs. UT, Inc.*, 940 F.3d 680 (Fed. Cir. 2019), which forecloses a finding of specific intent to induce infringement based on a product's proposed label where the label merely describes an infringing use. *HZNP* thus suggests that a proposed label that provides "guidance" on how to engage in an activity is meaningfully different from an instruction to engage in the activity in the first place. *See id.* at 702.

      In addition, Corcept has not pointed to record evidence of prior instances of co-administration at an infringing sequence or dosage. The Court invited this evidence during and after trial. Though the evidence is not required to prove inducement, it remains "highly relevant to what will happen in the future." *Genentech, Inc. v. Sandoz Inc.*, 55 F.4th 1368, 1379 (Fed. Cir. 2022). Because Corcept contends that physicians would infringe the claimed methods in the future by co-administering at an infringing sequence or dosage and by otherwise following Teva's label as instructed, [Pl.'s Br. 5–11], the existence—or absence—of such prior infringement evidence is important to this Court's analysis.

      The Court looks forward to reviewing the parties' reply papers and thanks the parties for their hard work in this matter.

                                                                 Best regards,

                                                                 **s/Renée Marie Bumb**
                                                                  Renée Marie Bumb
                                                                   Chief U.S. District Judge