Liza M. Walsh  
Christine I. Gannon  
Jessica K. Formichella  
Lauren R. Malakoff  
WALSH PIZZI O'REILLY FALANGA LLP  
Three Gateway Center  
100 Mulberry Street, 15th Floor  
Newark, New Jersey 07102  
(973) 757-1100  

*Of Counsel* (admitted *pro hac vice*):  
J.C. Rozendaal  
Uma N. Everett  
William H. Milliken  
Anna G. Phillips  
Brady P. Gleason  
Brooke N. McLain  
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C  
1101 K Street NW, 10th Floor  
Washington, DC 20005  
(202) 371-2600  

*Attorneys for Defendant*  
*Teva Pharmaceuticals USA, Inc.*

**IN THE UNITED STATES DISTRICT COURT**  
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CORCEPT THERAPEUTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendant. | Civil Action No. 1:18-cv-3632 (RMB)(LDW) (Consolidated)<br><br>**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION TO SEAL**<br><br>*Filed Electronically* |

Pursuant to Local Civil Rule 5.3(c), Defendant Teva Pharmaceuticals USA, Inc. ("Teva") hereby submits the Proposed Findings of Fact and Conclusions of Law in support of its Motion to Seal the following Trial Exhibits: JTX 13, JTX 14, and PTX-057 in their entirety (collectively, "the Confidential Materials"). Specifically, Teva seeks to seal the Confidential Materials as identified in the Index attached to the Declaration of Liza M. Walsh ("Walsh Decl." [1]). The information sought to be sealed in the Confidential Materials is collectively referred to herein as

---

[1] "Walsh Decl." refers to the Declaration of Liza M. Walsh in Support of the Joint Omnibus Motion to Seal, submitted herewith on January 16, 2024.

1

the "Confidential Information." Local Civil Rule 5.3(c) places the burden on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of:

    (1)    the nature of the materials or proceedings at issue;

    (2)    the legitimate private or public interest which warrants the relief sought;

    (3)    the clearly defined and serious injury that would result if the relief sought is not granted; and

    (4)    why a less restrictive alternative to the relief sought is not available.

Set forth below are the findings of fact and conclusions of law addressing each of the elements of Local Civil Rule 5.3(c). These findings of fact and conclusions of law support the granting of the Joint Omnibus Motion to Seal the Confidential Information.

**I.   The Nature of the Materials or Proceedings at Issue**

    **A.   Findings of Fact**

1.) This is a commercial patent dispute between private parties. The Confidential Information contains and/or reflects information that the parties have designated as "Confidential" pursuant to the Discovery Confidentiality Order, entered by this Court on July 29, 2019 (Civil Action No. 2:18-cv-3632; D.E. 93, ¶ 1) ("DCO").

2.) The Confidential Information contains or refers to Teva's nonpublic and highly proprietary, competitively sensitive business information, including reference to and discussion of Teva's nonpublic highly proprietary information related to Teva's Abbreviated New Drug Application ("ANDA") and information derived from it, which is information that Teva maintains in confidence in light of the highly competitive pharmaceutical marketplace. This information is

regarded as highly proprietary and kept confidential and is not otherwise disseminated to the public. (Walsh Decl. ¶¶ 4-6).

### B. Conclusions of Law

3.) There exists in civil cases a common law public right of access to judicial proceedings and records. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

4.) This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the court to protect materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. *See Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 889-91 (E.D. Pa. 1981); *see also Littlejohn*, 851 F.2d at 678 ("[C]ourts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing.") (internal citation omitted); 21 C.F.R. § 314.430(b)-(d) (ANDA information not available for public disclosure); *Valeant Pharm. Luxembourg S.a r.l. v. Actavis Labs. UT, Inc.*, No. 16-04344, 2018 WL 1832914, at *2 (D.N.J. Apr. 16, 2018) (recognizing the public interest in keeping ANDA information confidential).

## II. The Legitimate Private or Public Interest Which Warrants the Relief Sought

### A. Findings of Fact

5.) The Confidential Information relates to information that Teva considers confidential and proprietary information. (*See* Walsh Decl. ¶¶ 4-6).

6.) Counsel for Teva has submitted a declaration stating that Teva has an interest in not publicly disclosing this information and relies on such information to advance its business strategies and competitive position in the marketplace. (*See generally* Walsh Decl.)

7.) Teva's ANDA contains Teva's proprietary and commercially sensitive information. Moreover, pursuant to 21 C.F.R. § 314.430(b)-(d), Teva's ANDA is confidential and not publicly available. (*Id.*).

8.) Corcept and Teva – private parties – are in a patent dispute. Teva has a legitimate interest in ensuring that its confidential and proprietary non-public information remains undisclosed. If this information were to become available, Teva's competitors could and would likely use that information in the highly competitive pharmaceutical product marketplace. There is also a substantial public interest in ensuring that the Confidential Information of private litigants remains confidential and does not become public. (*See* Walsh Decl. ¶¶ 4-8).

### B. Conclusions of Law

9.) Courts have recognized that the presumption of public access is not absolute and may be rebutted. *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

10.) Courts may deny access to and seal a document when it encompasses non-public business information that might harm a litigant's competitive standing. *See Littlejohn*, 851 F.2d at 678 (citing *Nixon*, 435 U.S. at 598).

11.) Courts in this District have held that the inclusion of trade secrets and other confidential information in documents warrants the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). As such, "[t]he presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." *Id.* (citations omitted); *see also* 21 C.F.R. § 314.430(b)-(d); *Valeant Pharm. Luxembourg* 2018 WL 1832914, at *2.

## III. The Clearly Defined and Serious Injury that Would Result if the Relief Sought Is Not Granted

### A. Findings of Fact

12.) In light of its reference to, and disclosure of, non-public information that is otherwise unavailable to third parties, the public disclosure of the Confidential Information poses a substantial risk of harm to Teva's legitimate proprietary interests and competitive positions. (*See* Walsh Decl. ¶ 8).

13.) Disclosure of the Confidential Information would permit competitors to undercut or otherwise counter Teva's commercial performance. (*Id.*).

14.) Competitors would improperly benefit from the disclosure of Teva's non-public information and would likely use the confidential information to unfairly enhance their market positions. (*Id.*).

    **B.**    **Conclusions of Law**

15.) This Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

16.) Protection of a party's interest in confidential commercial information, such as a trade secret, is a sufficient threat of irreparable harm, and is clearly defined as a serious injury. *See Publicker*, 733 F.2d at 1071; *see also Vista India, Inc. v. Raaga, LLC*, No. 07-1262, 2008 WL 834399, at *3-4 (D.N.J. Mar. 27, 2008).

**IV.**    **Why a Less Restrictive Alternative to the Relief Sought Is Not Available**

    **A.**    **Findings of Fact**

17.) Once confidential information is disclosed to the public, it can never again be sealed or maintained as private. Moreover, Teva's request to seal the Confidential Information is narrowly tailored to the specific confidential and proprietary information identified in the index attached as Exhibit 1 to the Walsh Decl.

18.) The disclosure of the Confidential Information would pose a financial and competitive risk to Teva. Accordingly, the only way to protect this interest is to seal the identified portions of the Confidential Information. (*See* Walsh Decl. ¶ 9).

    **B.**    **Conclusions of Law**

19.) Under Local Civil Rule 5.3(c)(2), a party seeking to seal documents must meet the fourth prong that a no less restrictive alternative to the relief sought is available. *See Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-04394, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006).

20.) The sealing of confidential documents and information is an accepted practice in the District of New Jersey. *See generally In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653.

Dated: January 16, 2024

                                                *s/ Liza M. Walsh*
                                                Liza M. Walsh
                                                Christine I. Gannon
                                                Jessica K. Formichella
                                                Lauren R. Malakoff
                                                WALSH PIZZI O'REILLY FALANGA LLP
                                                Three Gateway Center
                                                100 Mulberry Street, 15th Floor
                                                Newark, New Jersey 07102
                                                (973) 757-1100

                                                *Of Counsel* (admitted *pro hac vice*):
                                                J.C. Rozendaal
                                                Uma N. Everett
                                                William H. Milliken
                                                Anna G. Phillips
                                                Brady P. Gleason
                                                Brooke N. McLain
                                                STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C
                                                1101 K Street NW, 10th Floor
                                                Washington, DC 20005
                                                (202) 371-2600

                                                *Attorneys for Defendant*
                                                *Teva Pharmaceuticals USA, Inc.*