Liza M. Walsh
Christine I. Gannon
Jessica K. Formichella
Lauren R. Malakoff
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

*Of Counsel* (admitted *pro hac vice*):
J.C. Rozendaal
Uma N. Everett
William H. Milliken
Anna G. Phillips
Brady P. Gleason
Brooke N. McLain
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C
1101 K Street NW, 10th Floor
Washington, DC 20005
(202) 371-2600

*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CORCEPT THERAPEUTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendant. | Civil Action No. 1:18-cv-3632 (RMB)(LDW) (Consolidated)<br><br>**DECLARATION OF LIZA M. WALSH IN SUPPORT OF MOTION TO SEAL**<br><br>*Filed Electronically* |

I, Liza M. Walsh, hereby declare as follows:

1.      I am an attorney admitted to practice before this Court and a partner of the law firm of Walsh Pizzi O'Reilly Falanga LLP, counsel for Defendant Teva Pharmaceuticals USA, Inc. ("Teva") in connection with the above-captioned matter. I am fully familiar with the facts set forth herein as well as the categories and types of information that Teva keeps confidential. I am also familiar with the harm that Teva would sustain if its confidential information were to become public.

2.      I submit this declaration in support of Teva's Motion to Seal the following Trial Exhibits: JTX 13, JTX 14, and PTX-057 in their entirety.

3.      In support of the motion, an Index has been prepared identifying the foregoing documents (referred to herein as "Confidential Materials") Teva seeks to maintain under seal, and explaining (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request. The Index is being submitted concurrently herewith as Exhibit 1.

4.      This is a commercial patent dispute between private parties involving confidential information that Teva has a legitimate interest in protecting because its competitors in the marketplace could utilize the non-public information to gain an unfair advantage over Teva to Teva's detriment.

5.      The Confidential Materials Teva seeks to seal contain or refer to Teva's nonpublic and highly proprietary, competitively sensitive business information, disclosure of which would harm Teva's competitive position. *See, e.g., Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) ("[C]ourts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing.") (internal citations omitted); *Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 WL 15909, at *3-4 (D.N.J. Jan. 3, 2012) (permitting the sealing of business agreements containing commercially sensitive and proprietary non-public business information and confidential financial information); *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, No. 08-1331, 2009 WL 2256484, at *1-2 (D.N.J. July 28, 2009) (granting motion to seal information that constitutes "trade secrets, non-public business and marketing plans, customer lists, [and] research and development."); *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d

653, 667-68 (D.N.J. 2004) (protecting from disclosure a party's confidential processes, chemical

formulas and specifications, and research information). In particular, portions of the Confidential

Materials contain reference to and discussion of Teva's nonpublic highly proprietary information

related to Teva's Abbreviated New Drug Application ("ANDA") and information derived from it,

which is information that Teva maintains in confidence in light of the highly competitive

pharmaceutical marketplace.  *See* 21 C.F.R. § 314.430(b)-(d) (ANDA information not available

for public disclosure); *Valeant Pharm. Luxembourg S.a r.l. v. Actavis Labs. UT, Inc*., No. 1604344,

2018 WL 1832914, at *2 (D.N.J. Apr. 16, 2018) (recognizing the public interest in keeping ANDA

information confidential).

6.      The Confidential Materials Teva seeks to seal contain and/or reflect information

that Teva designated as "Confidential" pursuant to the Discovery Confidentiality Order, entered

by this Court on July 29, 2019 (Civil Action No. 2:18-cv-3632; D.E. 93, ¶ 1) ("DCO").

7.      There is a substantial public interest in ensuring that Teva's nonpublic, highly

proprietary information, including information specifically related to its ANDA and any associated

product, remain confidential and not become public at a later date.

8.      Teva would suffer a clearly defined, substantial and specific harm, including but

not limited to, financial damage, damage to business relationships, damage to commercial

standing, and/or other irreparable harm should any of the confidential proprietary, commercial,

and competitively sensitive business information contained in the Confidential Materials be

publicly disclosed.  Competitors would improperly and unfairly benefit from the disclosure of

Teva's non-public business information and would likely use the confidential information to

enhance their market or negotiation position and cause Teva to lose its competitive advantage in

the highly competitive generic pharmaceutical marketplace.

9.      There is no less restrictive alternative other than sealing the Confidential Materials, as set forth in the Index submitted concurrently herewith.  Teva's request is narrowly tailored to seal its confidential information. This is the least restrictive alternative available to protect Teva's non-public Confidential Materials.

I declare that the foregoing statements made by me are true.


Dated: January 16, 2024                                   *s/ Liza M. Walsh*_____
                                                          Liza M. Walsh

# EXHIBIT 1

**INDEX IN SUPPORT OF MOTION TO SEAL**

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief Is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| **JTX 13** | | | | | | |
| | In its entirety | Teva requests redaction of this document that contains or refers to Teva's nonpublic and highly proprietary, competitively sensitive business information, disclosure of which would harm Teva's competitive position.  *See, e.g., Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) ("[C]ourts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing.") (internal citations omitted); *Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 WL 15909, at *3-4 (D.N.J. Jan. 3, 2012) (permitting the sealing of business agreements containing commercially sensitive and proprietary non-public business | If filed on the public docket, Teva would suffer a clearly defined, substantial and specific harm, including but not limited to, financial damage, damage to business relationships, damage to commercial standing, and/or other irreparable harm should any of the confidential proprietary, commercial, and competitively sensitive business information contained in the Confidential Materials be publicly disclosed.  Competitors would improperly and unfairly benefit from the disclosure of Teva's non-public business information and would likely use the confidential information to enhance their market or negotiation position | Teva requests sealing of only the materials that reflect its confidential information.  There is no less restrictive alternative other than sealing the Confidential Materials. This is the least restrictive alternative available to protect Teva's non-public Confidential Materials.  *See* Walsh Decl. ¶ 9. | Order, dated September 11, 2018 (D.E. 30); Order, dated December 6, 2018 (D.E. 43); Order, dated September 26, 2019 (D.E. 112); Order, dated August 26, 2020 (D.E. 177); Order, dated August 27, 2021 (D.E. 224). | None. |

1

| Material/Title of Document | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|
| | | information and confidential financial information); *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, No. 08-1331, 2009 WL 2256484, at *1-2 (D.N.J. July 28, 2009) (granting motion to seal information that constitutes "trade secrets, non-public business and marketing plans, customer lists, [and] research and development."); *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 667-68 (D.N.J. 2004) (protecting from disclosure a party's confidential processes, chemical formulas and specifications, and research information). In particular, portions of the Confidential Materials contain reference to and discussion of Teva's nonpublic highly proprietary information related to Teva's Abbreviated New Drug Application ("ANDA") and information derived from it, which is information that Teva maintains in confidence in light of the highly | and cause Teva to lose its competitive advantage in the highly competitive generic pharmaceutical marketplace. *See* Walsh Decl. ¶ 8. | | | |

| Material/Title of Document | | Basis for Sealing (Legitimate Private or Public Interest Which Warrant the Relief Sought) | Clearly Defined and Serious Injury that Would Result if Relief is Not Granted | Why a Less Restrictive Alternative to the Relief Sought is Not Available | Any Prior Order Sealing the Same Materials in the Pending Action | Party in Opposition to Sealing, if any, and Basis |
|---|---|---|---|---|---|---|
| | | competitive pharmaceutical marketplace. *See* 21 C.F.R. § 314.430(b)-(d) (ANDA information not available for public disclosure); *Valeant Pharm. Luxembourg S.a r.l. v. Actavis Labs. UT, Inc*., No. 1604344, 2018 WL 1832914, at *2 (D.N.J. Apr. 16, 2018) (recognizing the public interest in keeping ANDA information confidential). *See* Declaration of Liza M. Walsh ("Walsh Decl."), ¶ 5. | | | | |
| **JTX 14** | | | | | | |
| | In its entirety. | *See* above. | *See* above. | *See* above. | *See* above. | *See* above. |
| **PTX-057** | | | | | | |
| | In its entirety. | *See* above. | *See* above. | *See* above. | None. | *See* above. |