UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CORCEPT THERAPEUTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendant. | Civil Action No.<br><br>18-3632 (RMB) (LDW)<br><br>**ORDER TO SEAL AND TO UNSEAL** |

**THIS MATTER** having come before the Court by way of Teva's Motion to Seal three trial exhibits (ECF No. 311); and having considered the Declaration of Liza M. Walsh in support of the Motion to Seal as well as the factors set forth in Local Civil Rule 5.3(c)(3), the Court makes the following Findings of Fact and Conclusions of Law:

1. Teva seeks to seal trial exhibits JTX 13, JTX 14, and PTX-057 in their entirety. The Hon. Renée Marie Bumb, U.S.D.J. admitted each of these exhibits into evidence under seal during the course of the bench trial. *See* Sept. 26, 2023 Trial Tr. at 62:8-11, 63:1-6, 74:8-16.

2. There is "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). There is also a First Amendment right of public access to civil trials. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1061 (3d Cir. 1984).

3. Neither the common law right of access nor the First Amendment right of access is "absolute," and these presumptions in favor of access may be rebutted where the party seeking sealing demonstrates "'that the interest in secrecy outweighs the presumption.'"

*In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)).  To rebut the common law presumption of access, "[t]he movant must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).  Similarly, "[t]he party seeking closure or sealing in the face of the First Amendment right of access 'bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue.'  Good cause means 'that disclosure will work a clearly defined and serious injury to the party seeking closure'; '[t]he injury must be shown with specificity.'" *Id.* at 673 (quoting *Publicker Indus.*, 733 F.2d at 1071).

4. Local Civil Rule 5.3(c)(3) requires a party seeking to seal materials filed with the Court to file a motion that describes "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interest which warrants the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available."

5. Exhibits JTX 13, JTX 14, and PTX-057 contain nonpublic, proprietary, competitively sensitive business information, including reference to and discussion of Teva's Abbreviated New Drug Application ("ANDA") and information derived from it.  Teva affirms that it treats this proprietary information as confidential and has designated this information as confidential pursuant to the parties' Discovery Confidentiality Order.

6. Teva has a legitimate interest in protecting its sensitive, nonpublic, and proprietary information relating to its ANDA, disclosure of which could impair its standing in the

highly competitive pharmaceuticals market. *See Impax Labs., Inc. v. Zydus Pharm. (USA) Inc.*, Civ. A. No. 17-13476, 2018 WL 10151204, at *1 (D.N.J. Nov. 27, 2018) (finding that "Defendants have a legitimate interest in maintaining the confidentiality of this commercially sensitive business information, including research, development, and technical information related to the components and formulation of [the] ANDA product"); *Valeant Pharm. Luxembourg S.á.r.l. v. Actavis Labs. UT, Inc.*, Civ. A. No. 16-04344, 2018 WL 1832914, at *2 (D.N.J. Apr. 16, 2018) (finding public disclosure of information relating to an ANDA could allow competitors to "utilize the information to gain an unfair competitive advantage to [the movant's] detriment"). *See also Publicker Indus.*, 733 F.2d at 1073 (noting that "an interest in safeguarding a trade secret may overcome [the First Amendment] presumption of openness").

7. Accordingly, Teva has a legitimate interest in protecting this information from disclosure and would suffer a clearly defined injury if the information were to be made public.

8. There is no less restrictive alternative available than to seal the information. Teva has sought to seal only that information that is entitled to protection.

9. Teva has satisfied the requirements for sealing under Local Civil Rule 5.3(c).

**WHEREAS** the Court having found that found that legitimate private interests outweigh the presumption of public access, warranting the relief sought; and no opposition to the motion having been filed; and for good cause shown;

**IT IS** on this day, February 7, 2024, **ORDERED** that:

1. Teva's Motion to Seal is **GRANTED** and trial exhibits JTX 13, JTX 14, and PTX-057 are hereby ordered **SEALED**.

2. By agreement of the parties, the Clerk of Court is directed to unseal the following documents:

    a. Proposed Joint Final Pretrial Order (ECF No. 261)
    b. Teva's Pretrial Brief (ECF No. 269)
    c. Plaintiff's Pretrial Brief (ECF No. 270)
    d. Joint Final Pretrial Order (ECF No. 273)
    e. Letter to the Honorable Renée Marie Bumb dated September 19, 2023 (ECF No. 277)
    f. Letter to the Honorable Renée Marie Bumb dated September 22, 2023 (ECF No. 278)

3. The Clerk of Court is directed to terminate the motion at ECF No. 311.

                                           *s/ Leda Dunn Wettre*
                                           Hon. Leda Dunn Wettre
                                           United States Magistrate Judge